```
                                       USDC SDNY
                                       DOCUMENT
                                       ELECTRONICALLY FILED
                                       DOC #: _____
                                       DATE FILED: 11/15/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
JOSE QUEZADA,

                  Petitioner,

- against -                                09 Civ. 2064 (DAB)
                                           <u>ADOPTION OF REPORT</u>
                                           <u>AND RECOMMENDATION</u>

ROBERT ERCOLE,

                  Respondent.
-------------------------------------X
DEBORAH A. BATTS, United States District Judge.

      The Petitioner, Jose Quezada ("Quezada" or "Petitioner"),

proceeding <u>pro se</u>, objects to the February 8, 2010 Report and

Recommendation of the Honorable Theodore H. Katz ("the Report"),

recommending that Quezada's Petition under § 2254 challenging his

conviction in the Supreme Court, New York County for manslaughter

in the first degree (the "Petition") be denied.  For the

following reasons, the Court adopts the Report and denies

Quezada's Petition.


                  I. Background

    Quezada's Petition raises two claims: (1) that he is

innocent and was convicted based on evidence the prosecution

improperly withheld; and (2) that his Appellate Counsel was

ineffective based on her failure to argue both that Petitioner

pleaded guilty to a crime barred by the statute of limitations

and that his right to a speedy trial was violated.

Magistrate Judge Katz rejected both of Petitioner's claims, finding the innocence claim baseless because the Prosecution did not withhold evidence and Petitioner did not advance any additional information demonstrating his innocence that arose since pleading guilty.  (Report at 8, 10.)  Magistrate Judge Katz also rejected the ineffective assistance of counsel claim, finding that Petitioner waived his right to appeal a statute of limitations claim, did not preserve a speedy trial claim, and suffered no improper delay in the proceedings.  (Report at 17-19.)

On April 16, 2010, after being granted two extensions, Petitioner filed timely Objections to the Report.  Petitioner argues in his Objections that Magistrate Judge Katz erred in rejecting the ineffective assistance of counsel claim.  The facts in this case are set forth in detail in the Report and thus will not be repeated here. (<u>See</u> Report at 2-4.)

For the reasons set forth below, the Court fully adopts Magistrate Judge Katz's Report and denies the Petition.


II.Discussion

A.    Review of the Report

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy [of a Magistrate Judge's

Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation . . . ." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> Fed. R. Civ. P. 72(b)(2). When a party objects, the Court is required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  In addition, the Court may adopt those portions of the Report and Recommendation to which no timely objections have been made, so long as there is no clear error on the face of the record.  See 28 U.S.C. § 636(b)(1)(A).  After conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1)(C); <u>see also</u> Local Civil Rule 72.1(d).

B.    Legal Standard for Review of Habeas Petitions

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

3

U.S.C. § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); see also Hoi Man Yung v. Walker, 468 F.3d 169, 176 (2d Cir. 2006); Ernst J. v. Stone, 452 F.3d 186, 193 (2d Cir. 2006).  The phrase "clearly established Federal law" limits the law governing a habeas Petitioner's claims "to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams, 529 U.S. at 365); see also Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

"The 'unreasonable application' standard is independent of the 'contrary to' standard . . . [and] means more than simply an 'erroneous' or 'incorrect' application of federal law."  Henry v. Poole, 409 F.3d 48, 68 (2d Cir. 2005) (citing Williams, 529 U.S. at 410).  A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identifies the governing legal rule, but applies it in an unreasonable manner to the facts of a particular case.  See

<u>Williams</u>, 529 U.S. at 413.  Thus, the inquiry for a federal court
is not whether the state court's application of the governing law
was erroneous or incorrect, but, rather, whether it was
"objectively unreasonable."   <u>Id.</u> at 408-10; <u>see also</u> <u>Aparicio v.
Artuz</u>, 269 F.3d 78, 94 (2d Cir. 2001) ("[A] federal habeas court
is not empowered to grant the writ just because, in its
independent judgment, it would have decided the federal law
question differently.  The state court's application must reflect
some additional increment of incorrectness such that it may be
said to be unreasonable.")

     Finally, under AEDPA, "a determination of a factual issue
made by a State court shall be presumed to be correct.  The
[Petitioner] shall have the burden of rebutting the presumption
of correctness by clear and convincing evidence." 28 U.S.C.
§ 2254(e)(1); <u>see also</u> <u>Parsad v. Greiner</u>, 337 F.3d 175, 181 (2d
Cir. 2003).  A state court's findings "will not be overturned on
factual grounds unless objectively unreasonable in light of the
evidence presented in the state-court proceeding." <u>Miller-El
v.Cockrell</u>, 537 U.S. 322, 340 (2003).

C.     Ineffective Assistance of Appellate Counsel

     To sustain an ineffective assistance of counsel claim,
Petitioner must show: (1) "that the counsel's representation fell
below an objective standard of reasonableness" under "prevailing

professional norms," and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Strickland test applies to both trial and appellate counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000); Aparicio, 269 F.3d at 95. Petitioner objects to Magistrate Judge Katz's finding that his Appellate Counsel acted reasonably when she chose not to raise on appeal that the Petitioner pleaded guilty to manslaughter in the first degree, which was barred by the statute of limitations, and that Petitioner's right to a speedy trial was violated.  He claims that had his counsel brought these claims on appeal, his indictment would have been reversed and the charges dismissed. (Objection at 9.)

        Petitioner submitted a coram nobis petition—primarily aimed at his ineffective assistance of counsel claim—which the Appellate Division, First Department ("Appellate Division") reviewed, under the Strickland standard, and denied.  Thus, the Court must determine whether the Appellate Division's decision, which was adjudicated on the merits, unreasonably applied the Strickland standard to the facts of Petitioner's case. Sellan v. Kuhlman, 261 F.3d 303, 314-315 (2d Cir. 2001); see also (Report at 16.)

1.   Statute of Limitations Claim

On appeal, counsel is not required to raise every argument
regardless of merit.   Evitts v. Lucey, 469 U.S. 387, 394 (1985).
So long as counsel exercises reasonable professional judgment, it
is not for the courts to second-guess counsel or impose a duty to
raise every colorable claim suggested by the client.   Jones v.
Barnes, 463 U.S. 745, 754 (1983).   Here, on several occasions,
Petitioner requested Appellate Counsel appeal Petitioner's
manslaughter conviction on the grounds that he pleaded guilty to
a crime barred by the statute of limitations.   (Resp. Answer and
App. at Ex. P.)   Appellate Counsel explained to Petitioner that
she did not believe appealing the statute of limitations claim
would be successful.   (Resp. Answer and App. at Ex. P.)   It is
clear from Appellate Counsel's letters that she weighed the
likelihood of success regarding all of Petitioner's claims when
she elected to argue only that Quezada's sentence was unduly
harsh, his statements to police should have been suppressed, and
his guilty plea should be vacated.   (Report at 16-17; Resp.
Answer and App. at Ex. J.)

This Court agrees with Magistrate Judge Katz that Appellate
Counsel's decision not to pursue the statute of limitations claim
was reasonable.   First, when Petitioner pleaded guilty to the
manslaughter charge, he waived his right to appeal the conviction

based on a statute of limitations claim.  (Resp. Answer and App.

at Ex. G.); <u>People v. Parilla</u>, 8 N.Y.3d 654, 658-659, 838

N.Y.S.2d 824, 826-827 (2007) (holding that the defendant's guilty

plea waived his right to bring a statute of limitations claim).

Furthermore, when questioned by the trial court, Petitioner

stated that he understood that he was waiving his appellate

rights, except for four stated exceptions noted in the waiver,

which did not include the statute of limitations.[1]   (Resp.

Answer and App. at 11 Ex. H.)

Furthermore, to satisfy the second <u>Strickland</u> prong, "a

defendant must show that there is a reasonable probability that,

but for counsel's errors, he would have not pleaded guilty and

would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474

U.S. 52, 59 (1985).  Here, Petitioner never claims that had he

known that the charge of manslaughter in the first degree was

barred by the statute of limitations he would have chosen not to

plead guilty and insisted upon going to trial on his original

charge of murder in the second degree, which has no

statute-of-limitations requirement and carries a harsher maximum

---

[1]The four noted exceptions are: (1) the constitutional right
to a speedy trial; (2) challenge to the legality of the sentence
promised by the judge; (3) Petitioner's competency to stand
trial; and (4) the voluntariness of the waiver. (Resp. Answer and
App. at 11 Ex. H.)

8

sentence.  <u>See</u> N.Y. Penal Law §§ 30.10(2)(a), 70.00(2)(a).

Had Petitioner gone to trial and been convicted of murder in the

second degree, a class A-1 felony, he could have received the

maximum sentence of life imprisonment, N.Y. Penal Law

§§ 70.00(2)(a), 125.25, instead of the indeterminate term of

seven to twenty-one years he received by pleading guilty to

manslaughter in the first degree.  Given the nature of the

charges against Petitioner and the substantial penalties

involved, it is not unreasonable that Petitioner chose to plead

guilty to the lesser charge and accept a less severe punishment.

<u>See</u> <u>Oyaque v. Artuz</u>, 393 F.3d 99, 107 (2d Cir. 2004)(denying an

ineffective counsel claim where it was improbable that the

defendant would have refused the State's plea bargain but for his

counsel's conduct given the evidence and considerable penalties

involved).

   2.   Speedy Trial Claim

   Similarly, Appellate Counsel's decision not to raise a

Speedy Trial claim was reasonable.  Although Petitioner's guilty

plea did not waive his right to appeal on speedy trial grounds,

his Trial Counsel did not preserve the issue.  (Resp. Answer and

App. at Ex. G); <u>People v. Bancroft</u>, 23 A.D.3d 850, 851 (N.Y. App.

Div. 3d. Dept. 2005)(defendant's failure to make a pretrial

motion to dismiss the indictment or make an objection on the

grounds that there was speedy trial violation precluded the defendant from seeking appellate review on the issue); People v. Smith, 66 A.D.3d 1123, 1125 (N.Y. App. Div. 3d. Dept. 2009) ("Defendant also did not preserve, by objection, his claim that his constitutional right to a speedy trial was violated."); see also New York C.P.L. § 407.05(2)(McKinney 2009).

Moreover, even if the issue had been preserved, Petitioner most likely would have lost on the merits.  In New York courts, a balancing of the following factors are taken into consideration when determining if there was an undue delay in prosecution and thus the defendant's constitutional right to a speedy trial was violated: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay." People v. Taranovich, 37 N.Y.2d 442, 445, 373 N.Y.S.2d 79, 82 (1975); see also Barker v. Wingo, 407 U.S. 514, 530 (1972)(enumerating the factors to be considered when evaluating a speedy trial claim as the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.")

It is clear that even though there was a 14-year delay between the date of the crime and Petitioner's guilty plea, the

10

delay was not undue.  On August 8, 1996, a grand jury indicted
Petitioner for the murder of George McElveen.  At that time,
however, Petitioner was in Massachusetts serving a six- to
ten-year sentence for a separate drug-related crime.  (See Resp.
Mem. of Law at 9.)  The State of New York filed a detainer to
ensure that Petitioner would be returned to New York to face his
murder charges before being deported.  Nevertheless, on April 26,
1997, shortly after completing his Massachusetts sentence,
Petitioner was deported.  (See Id. at 9-10.)  Petitioner later
re-entered the United States illegally.  Petitioner was arrested
in Brooklyn for another crime and was returned on the warrant for
McElveen's death on July 28, 2003.  He was then arraigned on
August 7, 2003.  (See Id. at 10.)  The delay in Petitioner's
arraignment was not due to a lack of diligence on the part of the
Prosecution, which diligently attempted to arrest Petitioner
after he served his sentence in Massachusetts.  Petitioner was
deported against the Prosecution's requests.  (See Id. at 9-10.)
Furthermore, it was difficult for the Prosecution to learn of
Petitioner's presence once he was back in the United States
because he re-entered illegally.

Once Petitioner was in custody and arraigned, there was no
undue delay in the proceedings before Petitioner pled guilty on
May 10, 2004.  (See Id. at 11.)  Moreover, Petitioner is not

alleging that the delay in prosecution prejudiced him in anyway. Thus, since the speedy trial claim was not preserved for appellate review and otherwise lacked serious merit, it is understandable that Petitioner's Appellate Counsel did not raise this claim.

For the above reasons, the Court adopts Magistrate Judge Katz's recommendation regarding the ineffective assistance of counsel claim and finds that the Appellate Division did not apply the <u>Strickland</u> standard unreasonably when reviewing Petitioner's <u>coram nobis</u> petition.

D.    Claim of Actual Innocence

Petitioner did not object to Magistrate Judge Katz's findings and regarding the claim of actual innocence.  After reviewing the record and finding no clear error, the Court adopts Magistrate Judge Katz's recommendation with respect to Petitioner's actual innocence claim.  See 28 U.S.C. § 636(b)(1)(A).

III. Conclusion

Having reviewed the remainder of the Report and finding no clear error on the record and having conducted an independent de novo review of the specifically objected-to portion of the Report, it is ORDERED AND ADJUDGED as follows:

1.    The Report of United States Magistrate Judge Katz dated February 8, 2010, be and the same hereby is APPROVED, ADOPTED and RATIFIED by the Court;

2.    Petitioner's § 2254 Petition is DISMISSED WITH PREJUDICE;

3.    The Clerk of the Court is directed to CLOSE the Docket in this Case.


SO ORDERED

DATED:    November 15, 2010
          New York, New York

                              Deborah A. Batts
                              United States District Judge


13